[No. 42201.    En Banc.    November 16, 1972.]

YAKIMA FRUIT & COLD STORAGE Co., *et al.*, *Appellants*, v. CENTRAL HEATING & PLUMBING Co., *Respondent.*

*Horswill, Keller, Rohrback, Waldo & Moren,* by *Dwayne A. Richards,* and *Kenneth Cornell,* for appellants.

*Alan A. McDonald* and *William F. Almon* (of *Halverson,*

*Applegate, McDonald, Bond, Grahn, Wiehl & Almon)*, for respondent.

WRIGHT, J.—This is an action for property damage allegedly caused by the defective design and installation of a certain faulty refrigeration system and equipment in a cold storage warehouse.

Appellant Cohodas-Lancaster-Frank Company, Inc. is the owner of a cold storage warehouse in the city of Yakima, Washington which it leases to the Yakima Fruit & Cold Storage Company, Inc. The owners and officers of the Yakima Fruit & Cold Storage Company, Inc. are: S. M. Cohodas, President; Paul Lancaster, Vice-president; and Herbert Frank, Secretary-Treasurer and General Manager. Respondent, Central Heating & Plumbing Company, Inc., is a corporation engaged in construction work specializing, *inter alia*, in refrigeration systems.

On July 3, 1961, Yakima Fruit and respondent entered into a written contract whereby respondent was to construct and install a refrigeration system and equipment in the above-mentioned warehouse in order to modernize its use as a cold storage warehouse.

The refrigeration system and equipment were to be similar to those in another of Yakima Fruit's cold storage warehouses located across the street from the structure here involved. The installation in the warehouse across the street had been designed by a registered professional engineer, and that system was copied, as closely as was feasible. In conjunction with the installation of the refrigeration system, an entire floor of the warehouse was removed. Eighteen thousand feet of pipe, which had been attached to the same building for more than 40 years, was refashioned and reinstalled to the building, utilizing approximately 500 welds to join the system in as permanent a fashion as was possible.

Payment for the work done by the respondent was made by the owner of the building, Cohodas-Lancaster-Frank Company, Inc., after the work had been completed during the calendar year 1961.

On May 26, 1968, a portion of the cold storage system and equipment collapsed, causing damage to fruit stored in the warehouse in excess of $100,000.

Appellants' complaint for property damage was dismissed upon respondent's motion for summary judgment, on the basis that the action was barred by RCW 4.16.300 through 4.16.320, because such action did not accrue within 6 years of the date of completion of the work performed by the respondent. This appeal is taken from the trial court's summary judgment of dismissal.

The first issue raised on appeal is whether the trial court erred in granting the respondent's motion for summary judgment and thereby finding that no genuine issue existed as to any material fact.

Pursuant to CR 56(c), a summary judgment is only available where, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."

For purposes of a summary judgment procedure, a reviewing court is required, as was the trial court, to review material submitted for and against a motion for summary judgment in the light most favorable to the party against whom the motion is made. *Robert Wise Plumbing & Heating, Inc. v. Alpine Dev. Co.,* 72 Wn.2d 172, 432 P.2d 547 (1967). The motion should be granted only if, from the evidence, reasonable men could reach but one conclusion. CR 56(c); *Meissner v. Simpson Timber Co.,* 69 Wn.2d 949, 421 P.2d 674 (1966).

In the instant case, appellants urge that a material question of fact was presented, *i.e.,* whether the construction by respondent constituted an improvement to real property (making RCW 4.16.300 *et seq.* applicable) or whether it constituted installation of a removable trade fixture, which would be personalty.

While in some cases the line between what is real property and what is personal property may be difficult to define, here it seems extremely plain that we are dealing with realty.

■ In *Wade v. Donau Brewing Co.*, 10 Wash. 284, 38 P. 1009, 64 A.L.R. 1224 (1894), a refrigerating plant installed in a brewery was held to be a part of the realty. The court adopted as the test for determining whether improvements or installations on the realty retain their character as personalty or become a part of the realty, the rule that the manner, purpose and effect of annexation to the freehold must be regarded. Referring to *Cherry v. Arthur*, 5 Wash. 787, 32 P. 744 (1893), the court stated that if a building is erected for a definite purpose, whatever is built into it to enhance its value for occupation becomes a part of it.

Indeed, the above-cited case is strikingly similar to the instant case. The building here in question could be utilized as a cold storage warehouse only if it remained refrigerated, as it had since 1919. The owner of the warehouse paid for the reinstallation of pipe, coils, hangers and rods which replaced those which had been an integral part of the building for 40 years. The purpose of this reinstallation was definite; *i.e.*, to maintain the structure as a cold storage warehouse. This system could not be removed with both the system and building remaining intact.

For the reasons set forth above, it cannot be reasonably concluded that a material question of fact was presented as to whether the construction by respondent constituted an improvement to real property within the purview of RCW 4.16.300 *et seq.* Accordingly, the trial court was correct in granting respondent's motion for summary judgment of dismissal.

The second issue raised on appeal is whether the respondent committed acts which would prohibit respondent from relying upon RCW 4.16.300 *et seq.*

■ The basis for that contention is the failure of respondent to employ a licensed engineer. The contract called for respondent to design as well as to install the refrigeration system. It is alleged by appellants that respondent, by designing the system, did an unlawful act under RCW 18.43.010. Therefore, respondent allegedly would not be entitled to claim protection under the nonclaim statute for

work performed that it was not licensed to do. *See Meyer v. Simpson,* 34 Wn.2d 486, 209 P.2d 294 (1949).

The record reflects that no design work was involved, because the installation of refrigeration equipment was to be based on design specifications of a professional engineer for a prior installation by respondent in appellants' similar building across the street from the structure in question. Moreover, RCW 4.16.300 *et seq.* can be used by *any person* having constructed, altered or repaired any improvement upon real property; and respondent would, therefore, fit into the statute regardless of its allegedly having furnished design services in violation of another statute.

The third issue raised on appeal is whether RCW 4.16.300 *et seq.* is constitutional.

■ Appellants contend that the statute is special class legislation forbidden by the Washington Constitution, article 1, section 12. On the same basis, appellants allege that the statute in question violates the United States Constitution, amendment 14, section 1, which forbids states to pass any laws denying equal protection to any of their citizens.

Since 1961, more than 20 states have enacted similar statutes relative to actions arising out of defects in improvements to real property. One of these states is the neighboring state of Oregon, which has just recently held its similar statute is constitutional. *Josephs v. Burns,* 93 Ore. 1340, 491 P.2d 203 (1971).

The case of *Skinner v. Anderson,* 38 Ill. 2d 455, 231 N.E.2d 588 (1967), declared the Illinois statute unconstitutional as being special legislation in favor of only architects and contractors. The same cannot be said of RCW 4.16.300 *et seq.* because the scope of the Washington provision is not limited as to vocation. The subject statute bars actions against *any person* having constructed, altered or repaired any improvement upon real property.

The court of no other state than Illinois has found its similar statute unconstitutional; nor has the legislature of any state other than Illinois repealed the legislation.

The judgment of dismissal is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, STAFFORD, and UTTER, JJ., concur.

Petition for rehearing denied January 31, 1973.