[No. 49012–1.   En Banc.   February 9, 1984.]

ERIN E. CONDIT, *Petitioner*, v. LEWIS REFRIGERATION COMPANY, *Respondent.*

Dore, J., did not participate in the disposition of this case.

*Gary P. Levell,* for petitioner.

*Reed, McClure, Moceri & Thonn, P.S.,* by *William R. Hickman* and *Gary A. Western,* for respondent.

*Bryan P. Harnetiaux* and *Gary Bloom* on behalf of Washington Trial Lawyers Association, amici curiae for petitioner.

Rosellini, J.—The issue in this case is whether a statute of repose relating to real property improvement bars petitioner's personal injury product liability suit. We hold that it does not and reverse summary judgment granted in favor

of respondent Lewis Refrigeration Co. (Lewis).

The controversy arises from the following facts: In August 1979, plaintiff was injured when her arm passed between an exposed gear and a conveyor belt she was cleaning while working at Twin City Foods processing plant. The conveyor belt was part of a large freezer tunnel system used to quick–freeze cut vegetables. Respondent Lewis designed, manufactured and installed the system at Twin City Foods in 1965.

Following her injury, petitioner brought a product liability action against Lewis, alleging that Lewis was strictly liable for the sale of a dangerous and defective product. Respondent moved for summary judgment, urging that the suit was barred because it had not been brought within the limitations established by RCW 4.16.300 and RCW 4.16-.310.

Those statutes provide:

> RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property.

RCW 4.16.300.

> All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such ter-

mination of services, whichever is later, shall be barred: *Provided,* That this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues.

RCW 4.16.310.

Petitioner contends that, because she sued respondent on the theory of strict liability in tort for a dangerous and defective product, RCW 4.16.080(2) should apply. That statute allows individuals to commence their action within 3 years of the time the cause of action accrues. The trial court rejected this argument reasoning that the freezer tunnel, the instrumentality that caused the injury, was an improvement upon real property and thus within the terms of RCW 4.16.300. The Court of Appeals, Division One, affirmed by unpublished opinion (*Condit v. Lewis Refrigeration Co.,* 31 Wn. App. 1093 (1982)).

Our courts have had two opportunities to examine the term "improvement on real property" as it relates to this statute. In the first case, *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wn.2d 528, 503 P.2d 108 (1972), the court observed that the line between personal and real property was difficult to define. Citing *Wade v. Donau Brewing Co.,* 10 Wash. 284, 289, 38 P. 1009 (1894), the court concluded that to make the determination between realty and personal property, one considered the manner, purpose and effect of annexation to the freehold.

The Court of Appeals, Division One, is the source of the second case involving this statute, *Pinneo v. Stevens Pass, Inc.,* 14 Wn. App. 848, 545 P.2d 1207, *review denied,* 87 Wn.2d 1006 (1976). In *Pinneo,* the court concluded that a ski lift was an improvement on real property, in part, because the owner classified the structure as a trade fixture so that it could be removed at the termination of the lease governing the underlying property.

Both *Pinneo* and *Yakima Fruit* borrowed the analysis for whether an item was an improvement on real property from other areas of property law. Although we concur with the

results reached in these cases, we believe that the mechanistic approaches evident in these two cases discourage the primary goal of this court in interpreting statutes. We believe that to determine whether RCW 4.16.300 applies we must examine the underlying purpose of the statute.

It is well established that, in interpreting a statute, it is our duty as a court to ascertain and give effect to the intent and purpose of the legislation as expressed in the act as a whole. *Tommy P. v. Board of Cy. Comm'rs,* 97 Wn.2d 385, 391, 645 P.2d 697 (1982).

To determine a statute's purpose, we must look first to the language of the statute. Here, the statute provides that it shall apply to all claims of any kind, against any person, arising from such person having constructed, altered or repaired any improvement upon real property. RCW 4.16-.300. The statute then lists various construction activities, including designing, planning, surveying, architectural, or construction or engineering services. Each of these activities relates to the process of building a structure. Thus, the statute focuses on individuals whose activities relate to construction of the improvement, rather than those who service or design items within the improvement. In interpreting similar statutes, other states restrict their application to contractors or individuals whose services contribute to the construction of the structure rather than property within it. For example, the New Jersey court stated the following rule:

> The legislative intent in adopting *N. J. S. A.* 2A:14-1.1, as elaborated by the *Rosenberg* opinion [*Rosenberg v. North Bergen,* 61 N.J. 190 (1972)], quite obviously was not to limit the exposure of manufacturers and purveyors of products which are used in the factory, shop or home, or those who service these products. As best we can perceive, the intent of the language of the statute was to protect those who contribute to the design, planning, supervision or construction of a structural improvement to real estate and those systems, ordinarily mechanical systems, such as heating, electrical, plumbing and air conditioning, which are integrally a normal part of that

kind of improvement, and which are required for the structure to actually function as intended.

*Brown v. Jersey Cent. Power & Light Co.,* 163 N.J. Super. 179, 195, 394 A.2d 397 (1978).

We believe our statute also should be so limited. The test suggested by the *Brown* court protects individuals who work on structural aspects of the building but not manufacturers of heavy equipment or nonintegral systems within the building. As we read the statute, this latter group was not intended to be protected.

Furthermore, if these individuals were protected, they could easily avoid product liability law, if they desired, by simply bolting, welding the equipment or fastening it in some other manner to the building. Mechanical fastenings may attach a machine to the building, but they do not convert production equipment into realty or integrate machines into the building structure, for they are not necessary for the building to function as a building.

Also, as noted above, the statute specifically mentions the furnishing of a design, planning, surveying, architectural or constructional or engineering services. Each of the words used refers to some aspect of the construction or repair of the building. Thus, our reading of the statute is consistent with the rule of ejusdem generis. That rule restricts words of explanation in a statute to those of the same general kind. For instance, in *Dean v. McFarland,* 81 Wn.2d 215, 500 P.2d 1244 (1972), we used the rule to interpret RCW 60.04.010. There, we noted:

> The *ejusdem generis* rule requires that general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms. In short, specific terms modify or restrict the application of general terms where both are used in sequence.

*Dean,* at 221. *See generally* 2A C. Sands, *Statutory Construction* § 47.17 (4th ed. Supp. 1983).

Consequently, the ejusdem generis rule prohibits appli-

cation of the statute to respondent. Here, the conveyor belt and refrigeration unit which caused the injury were installed by the class of individuals doing a class of activities not named in the statute. Rather than designing an improvement on real property, respondent was engineering and designing accoutrements to the manufacturing process taking place within the improvement. As such, they are more properly subject to product liability law and its statute of limitations.

Although the Court of Appeals did not have the benefit of this analysis, it did rely on *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co., supra,* a case in whose result we concur. Nonetheless, the Court of Appeals decision must be reversed. In addition to the reasons given above, we conclude that its reliance on *Yakima Fruit* was misplaced. *Yakima Fruit* involved the collapse of the refrigeration system used to cool a cold storage warehouse. The refrigeration system, unlike the freezer tunnel here in issue, was an integral part of the warehouse. It is thus analogous to a building's central air conditioning system, which has been described as "integrally a normal part of that kind of improvement". *Brown v. Jersey Cent. Power & Light Co., supra* at 195.

Finally, our adoption of the test contained in *Brown* allows a result in this case more consistent with several factual aspects of this controversy. For instance, it is undisputed that Twin City Foods reported the belt and sprocket assembly as personal property for tax purposes. Also, there was evidence that Twin City Foods removed a similar freezer tunnel belt and tunnel from an Oregon plant. Although under our analysis neither fact determines whether the statute applies, these two facts support our conclusion that the items were not improvements to real property.

In sum, we conclude the trial court erred in applying RCW 4.16.300 to bar petitioner's personal injury action.

The judgment of the trial court is reversed and the case remanded for action consistent with this opinion.

WILLIAMS, C.J., STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.