[No. 10030–4–II.   Division Two.   August 12, 1987.]

WALTER JONES, *Plaintiff*, v. WEYERHAEUSER COMPANY,
*Appellant*, GENERAL CONSTRUCTION COMPANY,
ET AL, *Respondents*.

*Willard Walker, Gerald T. Martin,* and *Klingberg, Walker, Reitsch, Twining & Martin,* for appellant.

*Michael C. Mitchell* and *Mitchell, Lang & Smith,* for respondent General Construction.

*Barry N. Mesher* and *Comfort & Mesher,* for respondent Whitacre Engineers.

REED, C.J.—Weyerhaeuser Company appeals summary judgment dismissal of its cross claim for contribution against Whitacre Engineers, Inc., and General Construction Company. We affirm.

The plaintiff, Walter Jones, is a longshoreman who

brought this action for injuries sustained when a portion of a dock upon which he was working collapsed. The dock is owned by defendant Weyerhaeuser Company. It was constructed by defendant General Construction Co., and was designed by defendant Whitacre Engineers. Construction of the dock was completed and the services of Whitacre and General were terminated in 1974. The dock collapsed in October of 1982.

Jones brought suit alleging negligence of each of the three defendants. Weyerhaeuser filed a cross claim for contribution against its codefendants. General and Whitacre were granted summary judgment against the plaintiff based upon the limitations of actions set forth in RCW 4.16.300 *et seq.*, the builder limitation statutes. General and Whitacre then successfully moved the trial court for summary judgment dismissing Weyerhaeuser's cross claim against them on the basis of the same builder limitation statutes. Weyerhaeuser appeals the dismissal of its claims for contribution, contending that, although the dismissal of plaintiff's action against General and Whitacre was proper, the trial court erred in ruling that, as a matter of law, Weyerhaeuser's cross claim must also be dismissed.

The parties do not raise any material factual issue. Therefore, in reviewing this summary judgment order, this court must determine whether the moving party is entitled to judgment as a matter of law. *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985). We conclude that Whitacre and General are entitled to judgment as a matter of law and affirm.

The single issue on appeal is whether the builder limitation statutes apply to bar an owner–defendant's cross claim for contribution against the builder and designer, where more than 6 years had elapsed between the completion of the improvement to real property and its injury–causing collapse.

Weyerhaeuser's cross claim is authorized by RCW 4.22-.040, which establishes the right to seek contribution from joint tortfeasors. Weyerhaeuser argues that this case pres-

ents a direct conflict between this statute allowing contribution and the builder limitation statutes, RCW 4.16.300 *et seq.*, upon which the trial court relied in dismissing Weyerhaeuser's cross claim. We disagree. Any conflict presented has been resolved by previous decisions construing RCW 4.22.040.

■ If the party from whom contribution is sought is not liable to the plaintiff for his injury, no joint and several liability exists, and therefore no right to seek contribution exists. *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 652 P.2d 948 (1982). In *Glass* this rule was applied in an action for damages against the manufacturer of a machine which had injured the plaintiff. The manufacturer sought contribution from the plaintiff's employer. The Supreme Court ruled that an action for contribution could not be maintained against the employer because the employer was immunized from liability to the injured employee by virtue of the Industrial Insurance Act. The court stated, "[w]here there is no liability, there can be no joint and several liability. Where there is no joint and several liability, there is no right of contribution." *Glass*, 97 Wn.2d at 886–87. *See also Mills v. Estate of Schwartz*, 44 Wn. App. 578, 722 P.2d 1363 (1986).

Here, General and Whitacre are not liable for Jones's injuries because they are protected by the builder limitation statutes. These provide in general that all causes of action arising from construction or design of improvements to real property must accrue within 6 years of completion of construction or be barred. RCW 4.16.300 *et seq.* The collapse of the dock causing Jones's injuries did not occur within 6 years of the completion of the construction. Therefore, his cause of action did not accrue within the statutory period and is barred. Because Whitacre and General are not liable to Jones, there is no joint and several liability and Weyerhaeuser has no right to contribution.

Weyerhaeuser argues to the contrary, however, asserting that where the party from whom contribution is sought is not liable to the plaintiff merely because of the running of a

statute of limitation, a right to contribution still exists against that party in favor of other joint tortfeasors who remain liable. Weyerhaeuser relies on *Smith v. Jackson,* 106 Wn.2d 298, 721 P.2d 508 (1986). In that case a passenger in an automobile involved in an accident sued the driver of the other car. The suit was brought 5 days before the statute of limitation ran. After the statute had run, the driver of the other car brought a third party complaint against the driver of the car in which the plaintiff was a passenger, seeking contribution. Then both drivers filed complaints seeking contribution from the County for defective design of the road.

The County and the driver of the car in which the plaintiff was a passenger argued that because they had a statute of limitation defense against the plaintiff, they were not jointly and severally liable. Therefore no right to contribution existed against them. They relied on *Glass v. Stahl Specialty Co., supra.* The Supreme Court rejected this argument and ruled that a defendant may bring a contribution action against a third party even if the statute of limitation would have precluded a direct suit between the plaintiff and the third party. The court reasoned that to rule otherwise would allow the plaintiff to pick and choose among joint tortfeasors to determine which defendants should bear the entire loss without contribution. *Smith v. Jackson,* 106 Wn.2d at 301.

We conclude, however, that the rule of *Smith v. Jackson* does not apply in the present case. The builder limitation statutes do not operate in the same manner as a true statute of limitation such as was involved in *Smith v. Jackson.* In *Del Guzzi Constr. Co. v. Global Northwest Ltd.,* 105 Wn.2d 878, 719 P.2d 120 (1986), the Supreme Court described how the builder limitation statutes work:

RCW 4.16.310 requires a 2–step analysis for computing the accrual of a cause of action arising from the construction, alteration, or repair of any improvement to real property. First, the cause of action must accrue within 6 years of substantial completion of the improvement; and

second, a party then must file suit within the applicable statute of limitation, depending on the type of action. . . . If the cause of action does not accrue within 6 years of substantial completion, RCW 4.16.310 absolutely bars the commencement of suit.

*Del Guzzi*, 105 Wn.2d at 883.

In *Donovan v. Pruitt*, 36 Wn. App. 324, 674 P.2d 204 (1983), this division said,

This statute is not truly a statute of limitations in the normal sense of the term. It provides an absolute bar to the commencement of any action which has not accrued within 6 years of substantial completion of construction. As such, it provides a time period in which the cause of action must *accrue*—not a time period from accrual to commencement of the action. Thus, it is more properly designated as a "statute of abrogation," or a "statute of repose."

(Citations omitted.) *Donovan*, 36 Wn. App. at 327.

Here, Weyerhaeuser's problem is not that it was unable to bring its contribution claim within the statutory period from accrual to commencement of the action. If that were the case, the rule of *Smith v. Jackson, supra,* certainly would apply. Rather, the plaintiff's cause of action here did not *accrue* within the statutory 6–year period of RCW 4.16.310. Hence the rationale of *Smith v. Jackson* does *not* govern; the plaintiff cannot pick and choose among joint tortfeasors. Because the dock collapsed more than 6 years after its construction, Jones never had any claim against General and Whitacre; just as in *Glass v. Stahl Specialty Co., supra,* the plaintiff never had any claim against his employer because of the Industrial Insurance Act. The general rule applies: where there is no joint and several liability, there is no right to contribution.

In addition, we are persuaded of the correctness of our decision by the plain language of RCW 4.16.310, "*All claims or causes of action* as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, . . ." (Italics ours.)

Finally, we disagree with Weyerhaeuser that this interpretation produces an unfair result. The builder limitation statutes exist for the purpose of protecting contractors from the possibility of being held liable for the acts of others. The longer the owner has possession of the improvement, the more likely it is that the damage was the owner's fault or the result of natural forces. The limitations encourage periodic inspection and maintenance. *The 1986 Washington Tort Reform Act,* 23 Willamette L. Rev. 211, 317 (1987). This result is in accordance with the legislative intent. The dismissal of Weyerhaeuser's cross claims for contribution is affirmed.

ALEXANDER, J., and PETRIE, J. Pro Tem., concur.