[Nos. 54518-9, 54684-3. En Banc. May 18, 1989.]

HOLLY PFEIFER, *Appellant,* v. THE CITY OF BELLINGHAM, ET AL, *Defendants,* WILLOWWOOD CONDOMINIUMS ASSOCIATION, *Appellant,* ISLAND CONSTRUCTION COMPANY, ET AL, *Respondents.*

*Susan Ward* and *Paul N. Luvera,* for appellants.

*Merrick, Hofstedt & Lindsey, P.S.,* by *Allan H. Baris* and *Judith W. Constans,* for respondents.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington State Trial Lawyers Association, amici curiae for appellants.

UTTER, J.—Holly Pfeifer brought an action against Island Construction Company for injuries suffered when she had to jump from a burning building. Island Construction claims it was not liable because the construction statute of repose barred the action. Appellant contends that the statute of repose does not cover builder/vendors when the cause of action is based on the sellers' concealing a known, dangerous condition during the sale. The trial court granted summary judgment in favor of the builder/vendors based on the statute of repose. We reverse. Because sellers incur separate liability, actions based on the sale are not covered by the statute of repose for construction.

The parties debate some of the essential facts. Island Construction Company completed building the Willowwood condominium complex in 1979. Island Construction hired Michael Kohl to modify stock plans to ensure compliance with municipal codes. Mr. Kohl prequalified his plans by

consulting with Bellingham Building Department and Fire Department personnel. Island Construction does not contest that Mr. Kohl's plans were altered before they were submitted to the City of Bellingham for approval. Mr. Kohl claims that the alterations resulted in cheaper construction, a dangerous structure, and noncompliance with city codes.

The altered plans changed the finish grade of the terrain surrounding building D, allowing the building to be classified as a 2–story, rather than a 3–story, structure. Two-story structures require only one stairwell and fewer fire protection designs. Mr. Kohl states that the building was ultimately constructed as a 3–story structure, while Island Construction contends it is a 2–story structure with a basement.

The Bellingham Building Department issued a building permit, inspected the project during construction, and, on June 12, 1979, issued a final certificate of occupancy certifying that the complex complied with the applicable codes and ordinances.

Island Construction and its principals sold the condominium units to individual buyers in 1979. During 1986, Holly Pfeifer leased unit 302 in building D from one of the original owners.

On June 2, 1986, a fire, which began in unit 102D, spread quickly through building D, allegedly due to the lack of required fire stops and 2–hour fire walls. Because fire blocked the only exit, appellant jumped from her third story window. As a result, she suffered physical and emotional injuries.

Ms. Pfeifer brought a negligence action against, among others, the City of Bellingham and Island Construction Company with its principals, the Masseys and the Bedfords (Island Construction). The City and Island Construction cross–claimed against each other. Ms. Pfeifer filed an amended complaint against Island Construction alleging negligent and intentional concealment of a dangerous condition and consumer protection act violations.

The trial court granted the City's motion for summary judgment, concluding that both the public duty doctrine and RCW 4.16.300, the statute of repose for construction, barred Ms. Pfeifer's action. Similarly, the trial court granted Island Construction's motion for summary judgment based on RCW 4.16.300.

We accepted direct review but, finding our recent public duty doctrine cases controlling, granted the City's motion to dismiss claims against it. The remaining issue is whether the construction statute of repose, RCW 4.16.300–.320, bars action against a seller, who is also the builder, for concealment of a dangerous construction defect when the plaintiff is personally injured.

Ms. Pfeifer bases her claim against Island Construction as a seller, not a builder, under the Restatement (Second) of Torts § 353 (1965):

> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if
> (a) the vendee does not know or have reason to know of the condition or the risk involved, and
> (b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.
> (2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

The principles stated in § 353 provide an "accepted post–sale theory" of recovery in this state. *See Wilson v. Thermal Energy, Inc.*, 21 Wn. App. 153, 155, 583 P.2d 679 (1978); *see also Obde v. Schlemeyer*, 56 Wn.2d 449, 353

P.2d 672 (1960). Therefore, the cause of action is part of the common law, using the term in its broader sense, of Washington. "Absent an indication that the legislature intends a statute to supplant common law, the courts should not give it that effect." 2A N. Singer, *Statutory Construction* § 50.01, at 422 (4th ed. 1984).

Island Construction argues that the theory of recovery is immaterial: Ms. Pfeifer has no cause of action because RCW 4.16.300–.320 clearly bars all claims against builders that do not accrue within 6 years of substantial completion of construction or termination of certain services. The injury occurred in 1986, more than 6 years after completion in 1979. A proviso allows claims against an owner who is in possession of the building when the injury occurs. However, Island Construction had sold all of the units by 1979.

The pertinent parts of the construction statute in effect at the time of the injury read as follows:

> RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property.

RCW 4.16.300.

> All claims or causes of action as set forth in RCW 4.16.300 shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. . . . Any cause of action which has not accrued within six years after such substantial completion of construction . . . shall be barred: *Provided,* That this limitation shall not be asserted as a defense by any owner,

tenant or other person in possession and control of the improvement at the time such cause of action accrues. RCW 4.16.310.

This court has used a 3-step approach in construing the statute. First, the court must determine the statute's scope, whether it applies at all. If the statute applies, the cause of action must accrue within 6 years of substantial completion. If the cause of action accrues, then the party must file suit within the appropriate statute of limitations for that cause of action. *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 882–83, 719 P.2d 120 (1986).

The debate centers around the first step, scope. Both parties frame arguments based on statutory construction, policy, and Washington's constitution. Island Construction contends that the statute bars recovery for the following reasons: (1) Pfeifer's claim arises from construction of the building and the statute bars claims of any kind against any person involved in construction; (2) the statute would be meaningless if a builder could not sell his product without losing the protection of the statute; and (3) construing the statute to apply only to builders who do not sell the property would be unconstitutional.

Pfeifer counters that the statute is not applicable for several reasons: (1) her claim arises from the concealment during the sale, not from the construction itself, and the statute does not cover sales and marketing activity; (2) exempting vendors from coverage would not render the statute meaningless; and (3) if the statute is interpreted to cover only sellers who were also involved in construction, it would fail as special legislation prohibited by article 2, section 28(17) of the Washington State Constitution.

The "arising from" statutory language provides the key for resolving the statutory construction dispute. Island Construction's argument that the statute bars all claims of any kind against any person "involved" in construction is inaccurate. On its face the statute bars only

claims "arising from" the enumerated activities. The "all claims . . . of any kind against any person" language is qualified by the requirement that these claims "arise from" certain activities.

In addressing a similar builders' statute of repose, a New Mexico appellate court found that the language required an activity analysis. *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214 (Ct. App.), *cert. denied, Albuquerque v. Howell,* 91 N.M. 3, 569 P.2d 413 (1977). The language in *Howell* provided benefits to "'any person performing or furnishing the construction or the design, planning, supervision, inspection or administration of construction . . [.] and *on account of such activity . . ..'"* *Howell,* at 697. The *Howell* court concluded that summary judgment was appropriate to the extent that the defendant was sued as an installer of glass, but it was inappropriate where he was sued as a manufacturer or seller. 568 P.2d at 223.

Logic supports this analysis. Had Island Construction been only the seller but not the builder, the statute would offer no protection against an action for concealment of a known dangerous condition during sale. A seller who also happens to be the builder should not be shielded from liability. Selling and building involve different activities. The statute shields builders. If builders also engage in the activity of selling, they should face the liability of sellers. A primary purpose of the limitation is to protect contractors from the "possibility of being held liable for the acts of others." *Jones v. Weyerhaeuser Co.,* 48 Wn. App. 894, 899, 741 P.2d 75 (1987). The protection is based on the premise that the longer the owner possesses the improvement, "the more likely it is that the damage was the owner's fault or the result of natural forces." 48 Wn. App. at 899. These considerations do not apply when a seller conceals a known dangerous condition that the buyer has no reason to discover.

In two cases, this court has indicated that an activities analysis is appropriate. "RCW 4.16.310 applies to *all* claims of [*sic*] causes of action arising from the *activities covered.*"

(Second italics ours.) *New Meadows Holding Co. v. Washington Water Power Co.,* 102 Wn.2d 495, 500, 687 P.2d 212 (1984). This court has also emphasized activities as a means of defining persons covered by the statute. *Condit v. Lewis Refrigeration Co.,* 101 Wn.2d 106, 110, 676 P.2d 466 (1984) (the statute protects those whose activities relate to the structural aspects of the building).

Island Construction argues that as long as it worked on structural aspects, it is a person who is covered by the statute. The argument misses the focal point of the analysis: the focus is on activities. If the claim arises from those activities, the person is covered; if it does not, he is not covered. Here the claim arises from concealment during sale—the activity of selling is not covered.

Island Construction errs in contending that *Smith v. Showalter,* 47 Wn. App. 245, 734 P.2d 928 (1987) requires a contrary result. There, the plaintiffs alleged only negligent installation of wiring, failure to meet building codes, and lack of proper inspection. 47 Wn. App. at 247. They did not bring suit against the defendants as sellers, alleging concealment of a known dangerous condition. The statute bars actions against a builder/seller where a plaintiff alleges only negligence against the defendant in his capacity as builder.

Island Construction also argues that the statute bars recovery even if the defendant has violated another statute. *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wn.2d 528, 532, 503 P.2d 108 (1972). In *Yakima Fruit,* the defendant had performed work it was not licensed to do. However, in terms of an activity analysis, *Yakima Fruit* is not in point; the plaintiff sued the defendant as a builder, not as a seller.

As a final point in its statutory construction argument, Island Construction points out that the only proviso in RCW 4.16.310 prevents owners or those in possession of the property at the time the cause of action accrues from using the statute of repose defense, and argues that by implication, an owner/builder who no longer owns the property is protected. The proviso should not be expanded

because provisos are strictly construed; only cases falling within the specific terms of a proviso are exempted from the statute. *Seattle v. Western Union Tel. Co.*, 21 Wn.2d 838, 850, 153 P.2d 859 (1944).

The proviso argument fails for two reasons. First, the proviso is consistent with the underlying premise noted above, that the statute is designed to protect builders from being held liable for the acts of others. If we were to accept Island Construction's argument, we would reject that premise. Second, by applying an activity analysis, there is no need to expand the proviso. If the cause of action arises from the sale, then no proviso is needed because the statute is inapplicable.

As a policy matter, we reject the respondents' contentions that accepting a builder/seller distinction would gut the statute. The proof required for a case brought against a seller under § 353 is greater than that required for mere negligence. The statute would still protect builder/sellers charged with negligence.

■ The constitutional arguments of both parties lack merit. Article 2, section 28(17) of the Washington State Constitution prohibits "special" legislation limiting civil or criminal actions. "Special" laws apply only to particular persons rather than to all natural members of a class. *Wenatchee v. Boundary Review Bd.*, 39 Wn. App. 249, 251, 693 P.2d 135 (1984). "[T]o survive a challenge as special legislation, any exclusions from a statute's applicability . . . must be rationally related to the purpose of the statute." *Seattle v. State*, 103 Wn.2d 663, 675, 694 P.2d 641 (1985). It could be rational for the Legislature to distinguish between sellers who improve property and those who do not when the purpose of the statute is to provide protection to those who improve property. However, it is equally rational to impose the duties of a seller on those builders who also sell their property.

Resolving this case on the basis of statutory construction, we find the statute inapplicable because it does not protect the activity of selling. We need not address the argument

advanced by amicus curiae urging us to create an exception to the statute for a cause of action based on intentional or fraudulent concealment. We reverse the trial court and remand for further proceedings.

BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, and SMITH, JJ., concur.

DURHAM, J. (dissenting)—The majority's analysis of the construction statute of repose effectively repeals it, contrary to established rules of statutory interpretation and plain sense. Thus, I dissent.

Pursuant to RCW 4.16.310, a builder is protected from any cause of action arising out of defective construction unless it accrues within 6 years of the substantial completion of construction, or the termination of the builder's activities, whichever comes later. It is undisputed that the builder in this case, Island Construction Company, completed the condominium at issue here in 1979, and the plaintiff's cause of action did not accrue until a fire in 1986. Therefore, if the statute of repose applies, it bars the plaintiff's claims.

The construction statute of repose applies to a wide range of claims:

> [The statute of repose] shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property. . . .

RCW 4.16.300.

The majority holds that this statute protects builders from claims alleging defects in construction, but not from claims alleging a failure to disclose those defects when the

property is sold to others. The majority bases this interpretation on the absence of any language in the statute expressly extending protection to builders for failing to disclose their own construction defects.

Where this analysis breaks down is in its failure to realistically measure its impact. As the record demonstrates, residential construction commonly takes two forms. In "spec" construction, a builder constructs an improvement on "speculation" that a buyer can later be found to purchase the property. In custom construction, another party has already contracted to purchase the property. In "virtually 100%" of "spec" construction, and in "typically one–half" of the custom projects, the builder owns the property during the construction process.[1] Moreover, general contractors often have ownership interests even in larger commercial construction projects. Most construction projects, therefore, involve builders owning the property for subsequent resale.

When a builder/owner is involved, any claim that the builder defectively constructed a project is just as easily framed as a claim that the builder failed to disclose those defects when he sold the property after construction was complete.[2] Thus, the majority's analysis allows plaintiffs in most cases to avoid operation of the statute by simply recasting their allegations of defective construction as allegations of inadequate disclosure.

The majority attempts to downplay the effect of its holding with the curious statement that even though the statute of repose does not apply to builder/sellers in this case, it "would still protect builder/sellers charged with

---

[1]In custom projects, the builder's ownership serves to assist and simplify the construction financing.

[2]The present case serves as a good example. Pfeifer's original complaint in this case predicated Island Construction Company's liability solely on its activities of building and inspecting the condominium. Pfeifer later amended her complaint, however, to add a claim that Island Construction Company actively concealed, or failed to disclose, these defects to the buyer.

negligence." Majority, at 570. The statute, however, contains no language suggesting a distinction for negligence claims. Apparently, the majority conjured up this explanation in an attempt to assign meaning to a statute that will have little use after today's decision.

This court should not attribute to the Legislature an intent to so severely restrict what was obviously intended to be a statute of sweeping application. "A statute is a solemn enactment of the state acting through its legislature and it must be assumed that this process achieves an effective and operative result." 2A N. Singer, *Statutory Construction* § 45.12, at 54 (4th ed. 1984) (and cases cited therein). A statute must be given a reasonable interpretation so as to give effect to its purpose and avoid absurd results. *Pasco v. Napier,* 109 Wn.2d 769, 773, 755 P.2d 170 (1988); 2A N. Singer, at § 45.12.

Analysis of the statute's purpose reveals that a defendant who builds and sells an improvement should be treated in the same manner as one who only builds the improvement. Statutes of repose are designed to avoid placing undue burdens on potential defendants by limiting the applicability of the discovery rule; liability attaches only for those causes of action that accrue within a certain period of time after the defendant has acted.[3] *See Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 222 & n.2, 543 P.2d 338 (1975); RCW 4.16.310. The policy is to protect defendants from having to defend against stale claims, because such claims are more likely to be spurious and supported by untrustworthy evidence, and the defendant often has not been in control of the improvement for a number of years. *See Gazija,* at 222; *New Meadows Holding Co. v. Washington Water Power Co.,* 34 Wn. App. 25, 29, 659 P.2d 1113 (1983), *aff'd in part, rev'd in part,* 102 Wn.2d 495, 687 P.2d

[3] A cause of action "accrues" under this statute "'. . . at the time the plaintiff knew or should have known all of the essential elements of the cause of action.'" *Del Guzzi Constr. Co. v. Global Northwest Ltd.,* 105 Wn.2d 878, 884, 719 P.2d 120 (1986) (quoting *White v. Johns–Manville Corp.,* 103 Wn.2d 344, 348, 693 P.2d 687, 49 A.L.R.4th 955 (1985)).

212 (1984). The builder's lack of control over the premises is important because "[t]he longer the owner has possession of the improvement, the more likely it is that the damage was the owner's fault or the result of natural forces." *Jones v. Weyerhaeuser Co.*, 48 Wn. App. 894, 899, 741 P.2d 75 (1987).

These expressions of legislative policy are served equally when the defendant is a builder/seller as when the defendant is only a builder. In each instance, the defendant is burdened with litigating stale claims relating to alleged defects in the defendant's construction activity. That one claim involves defective construction and the other involves failure to disclose those defects does not affect the burden on the defendant in having to defend himself from tardy claims. Because the two claims are so intimately related, and because one claim can so easily be transformed into the other, no distinction should be drawn between the two in applying the construction statute of repose. The majority's limitation of the statute simply cannot be squared with a reasonable interpretation of legislative intent.[4]

By deciding that the statute should apply, I need to address the argument raised by amicus curiae calling for a judicially created exception to RCW 4.16.310 for fraudulent concealment. This court long ago stated that absent "a statute making concealment an exception to the statute of limitations, the court cannot create one." *Reeves v. John Davis & Co.*, 164 Wash. 287, 295, 2 P.2d 732 (1931) (citing *Cornell v. Edsen*, 78 Wash. 662, 139 P. 602 (1914)). This statement is equally applicable in the context of a statute of repose. Although the proposed exception might make sense as a matter of policy, the argument raised by amicus should be addressed to the Legislature, not this court.

---

[4]My dissent should not be taken as a criticism of the majority's holding that the construction statute of repose calls for an activity analysis. I differ from the majority, however, in concluding that the Legislature intended builders to be protected in both their selling and building activities when the two activities are so intimately related.

The trial court's summary judgment in favor of Island Construction Company should be affirmed.

CALLOW, C.J., concurs with DURHAM, J.