[No. 1612-2. Division Two. August 14, 1975.]

SEATTLE-FIRST NATIONAL BANK, *Appellant*, v. THE STATE OF WASHINGTON, ET AL, *Respondents*.

*Paul N. Luvera, Jr.*, and *Charles Robbins*, for appellant.

*Slade Gorton, Attorney General*, and *Patrick W. Biggs, Assistant*, for respondent.

PETRIE, J.—Plaintiff, as guardian ad litem for Tamara Kay Devenny, a minor, has appealed from a summary judgment which dismissed one of the defendants, State of Washington, from an action solely for personal injuries

sustained by the child. The question presented by this appeal is whether there is a genuine issue of any material fact which would support plaintiff's theory of recovery. Plaintiff contends that the State, a vendor of land, breached a duty owed to Tamara, as a result of which she was injured while playing in a borrow pit on the land *after* the date of sale without the express consent of the State or its vendee. Viewing the evidence in a light most favorable to the plaintiff, as we must, we hold there is a valid issue which warrants a retention of the State in a trial on the merits.

Tamara, then 2½ years of age, was injured on July 27, 1972, in the Town of Milton, while playing in a borrow pit alongside a 10- to 15-foot high, "almost perpendicular" embankment partially covered with wild blackberry bushes, when a portion of the bank sloughed off and covered her. For many years the property was used intermittently as a site for contractors and others to obtain gravel. Children played there frequently despite a general rumor that another child had previously been injured in a slide in the same area.

The State of Washington acquired title in 1959. On at least four occasions thereafter the State conducted surveys or appraisal inspections of the property. At a public auction conducted by the State in April 1972, 25 feet from the embankment, Homer McDowell was the only and successful bidder of the land, which was described as an "irregular shaped tract" on a portion of two lots. He was on the premises for only 4 minutes. Prior to Tamara's injuries he had never walked over or inspected the property. Deed to him from the State was filed for record on July 24. He actually received the recorded deed on August 9. Prior to July 27, the property had neither been fenced nor posted with warnings to keep out of the area.

Tamara's guardian filed a complaint for damages against Mr. McDowell, the Town of Milton, and the State of Washington. The trial court granted the State's motion for summary judgment on the theory that the State owed no duty to Tamara on the date she was injured.

This jurisdiction has recognized the possibility of, but has not yet established criteria under which, a vendor of land retains a degree of responsibility for injuries sustained by third parties on the land after the effective transfer of title. *Dipangrazio v. Salamonsen*, 64 Wn.2d 720, 393 P.2d 936 (1964). The Restatement (Second) of Torts § 353 (1965) provides a guide for determining those criteria.

We need not consider all conditions under which a transferror of land remains subject to liability for injuries sustained by others on the land. We do decide, however, that when land contains an attractive nuisance, the existence and dangerous condition of which is or ought to be known to the owner but not to his vendee, the owner's liability will continue after transfer of title until the owner has either disclosed the risk to his vendee or, after sale, the vendee has had a reasonable opportunity to discover the nuisance and to abate it.

The facts in the case at bench and the reasonable inferences therefrom are capable of being interpreted to support conclusions (1) that the State maintained an attractive nuisance on its land at the site where Tamara was subsequently injured, (2) the dangerous condition and the existence of the nuisance ought to have been known to the State, (3) the State did not disclose the risk to Mr. McDowell, the vendee, (4) the nuisance—including the likelihood of a substantial sloughing of the embankment and the fact that small children were accustomed to resort to the area— was not readily obvious to Mr. McDowell, and (5) after transfer of title he did not have a reasonable opportunity to take effective precautions against the nuisance even if he had discovered its existence.

The judgment is reversed and the cause is remanded for trial.

Armstrong, C.J., and Pearson, J., concur.

Petition for rehearing denied September 17, 1975.

Review denied by Supreme Court November 12, 1975.