[No. 5403–1.   Division One.   August 21, 1978.]

ROBERT JAN WILSON, *Appellant,* v. THERMAL ENERGY, INC., *Defendant,* ISAAC GAMEL, ET AL, *Respondents.*

*James H. Krider* and *Judith Jeffers,* for appellant.

*Hackett, Beecher & Hart, John A. Hackett,* and *Richard W. Olsen,* for respondents.

FARRIS, C.J.—Robert Jan Wilson appeals from a judgment on the pleadings dismissing his cause of action against Isaac and Nancy Gamel.

At approximately 2:15 a.m., June 21, 1975, Wilson was injured when he tripped and involuntarily thrust his arm through a plate glass panel in an entry door at the Lamplighter Apartments in Bellevue, Washington. The Gamels were the builders of the apartment complex, and Wilson was a tenant. Wilson instituted this action against the Gamels, *inter alios,* alleging that they "negligently and carelessly maintained a certain defective and dangerous condition" which caused his injury. At the commencement of trial, the Gamels moved for judgment on the pleadings pursuant to CR 12(c) and submitted depositions and answers to interrogatories showing that on May 1, 1974, they conveyed all of their ownership rights in the apartment complex to Texas Gulf Partners retaining only a security interest by deed of trust. The motion was granted on the ground that, as a matter of law, the Gamels owed no duty to Wilson on the date he was injured.

■ The complaint adequately pleaded an accepted post–sale theory of liability of a vendor to the vendee's invitee under Restatement (Second) of Torts § 353, at 235 (1965):

> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if
>
> (a) the vendee does not know or have reason to know of the condition or the risk involved, and
>
> (b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.
>
> (2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

*See Seattle–First Nat'l Bank v. State,* 14 Wn. App. 166, 540 P.2d 443 (1975).

Reversed and remanded.

PEARSON, C.J., and CALLOW, J., concur.

Reconsideration denied December 20, 1978.

Review denied by Supreme Court April 20, 1979.