[No. 10123–4–I.   Division One.   April 11, 1983.]

WILLIAM BAILEY, *as Guardian ad Litem, Appellant,*
v. JEANNE GAMMELL, *Respondent.*

*Mark Jaffe* and *Abbey, Fox & Jaffe,* for appellant.

*James E. Deno* and *Cogdill, Deno & Millikan,* for respondent.

DURHAM, A.C.J.—In a personal injury action, Brad Bailey appeals from a trial court's order of summary judgment for Jeanne Gammell and denial of Bailey's motion for reconsideration. Bailey contends the Restatement (Second) of Torts §§ 353, 373 (1965) provide bases for liability against Gammell because vendors of property are liable to third parties for injuries sustained due to certain defects in the property existing at the time of sale. Bailey also contends issues of material fact exist.

In October 1976, Gammell sold her home to Ron Knutsen. She had lived in the home for 2 years. Within a month, Knutsen leased the home to three people. On February 4,

1977, Bailey visited the lessees and fell down the basement stairs, allegedly sustaining serious injury.

On April 10, 1980, Bailey filed a complaint against Gammell alleging that Gammell owned the house and her negligence in maintaining the stairway caused his injuries. Gammell moved for summary judgment, asserting that she did not own the house at the time of the accident. On November 21, 1980, the court granted Gammell's motion for summary judgment.

On December 2, 1980, Bailey moved for reconsideration based on newly discovered evidence. His supporting affidavits alleged specific defects in the stairway including conditions of steepness and poor visibility. Bailey relied on sections 353 and 373 of the Restatement (Second) of Torts to support his cause of action against Gammell. The trial court denied the motion for reconsideration and dismissed the case.

The primary question on appeal is if section 353 of the Restatement provides a cause of action against former homeowners for injuries sustained by third parties as a result of height and visibility defects in stairs on the property.

Generally, vendors have no duty to people injured on the premises after sale, even for injuries caused by conditions existing at the time of sale. Restatement (Second) of Torts § 352 (1965). Section 353 creates an exception for "Undisclosed Dangerous Conditions Known to Vendor." The section provides:

> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if
>
> (a) the vendee does not know or have reason to know of the condition or the risk involved, and
>
> (b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved,

and has reason to believe that the vendee will not discover the condition or realize the risk.

(2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

Section 353 has been approved in Washington as a basis for resisting judgment on the pleadings. *Wilson v. Thermal Energy, Inc.,* 21 Wn. App. 153, 583 P.2d 679 (1978).

██ However, Bailey failed to establish a duty on the part of Gammell under section 353. The existence of a duty is a question of law for the court. *Peterson v. Pacific First Fed. Sav. & Loan Ass'n,* 23 Wn. App. 688, 598 P.2d 407 (1979). The duty under section 353 arises only if the vendor knows or has reason to know the dangerous condition exists and has reason to believe that the vendee will not discover the condition or realize its risk. Section 353(1)(b). Furthermore, the vendee must not know or have reason to know of the dangerous condition. Section 353(1)(a).

Nothing in the record suggests that Gammell had *actual* knowledge of the alleged unusual steepness of the stairs or poor visibility. Gammell specifically denied having actual knowledge of the danger, and no affidavits contradict her denial.

If Gammell had reason to know of the danger, however, the law may still impose liability under section 353. "Reason to know" is defined by the Restatement as occurring when the vendor

has information from which a person of reasonable intelligence . . . would infer that the condition exists, or would govern his conduct on the assumption that it does exist, and would realize that its existence will involve an unreasonable risk of physical harm to persons on the land.

Restatement (Second) of Torts § 353, comment *c* (1965); *see* section 12(1).

Bailey argues the appearance of the stairs should have put Gammell on notice of the danger. Indeed, the record reflects that only the appearance, and nothing else, would have given Gammell reason to know of the alleged dangerous condition of the stairs. Inasmuch as the stairs were in full view, however, the appearance should have also put Knutsen, the vendee, on notice of the danger, thus defeating applicability of section 353 under subsection (1)(a).

Bailey also argues that Knutsen used the stairs only two or three times, whereas Gammell used them for 2 years. A steep, dark staircase, however, does not develop gradually over time. Bailey's own evidence, the affidavit of Greg Poppino, suggests the steepness and danger of the stairs was obvious. If the angle and darkness of the staircase put Gammell on notice of a dangerous condition, they necessarily also put Knutsen on notice.

Furthermore, section 353 requires that Gammell had "reason to believe that the vendee will not discover the condition or realize the risk." Section 353(1)(b). Even assuming Gammell had reason to know the stairs were dangerous through her continued use of them, the record is void of evidence that she had reason to believe that Knutsen would not discover the condition.

Gammell was "entitled to expect, and therefore ha[d] reason to believe, that [her] vendee w[ould] discover a condition which would be disclosed by such an inspection as the vendee should make before buying the land". Section 353, comment *d*. A reading of the comments to section 353 shows that the section is intended to apply to undisclosed *latent* defects and does not operate if the defects are patent. The vendor has no duty to warn the vendee of the extent of the risk in an obvious condition; the vendee has a duty to inspect in order to discover such patent defects. Restatement (Second) of Torts § 353, comments *b*, *d* (1965). Therefore, Bailey may not rely on Restatement section 353 to impose a duty on Gammell.

Finally, Bailey's reliance on section 373 is clearly without merit. That section defines the liability of vendors to per-

sons injured outside the premises.

Inasmuch as Bailey failed to establish as a matter of law a duty owing by Gammell, we do not reach the question of the existence of issues of fact. The trial court's summary judgment of dismissal was proper.

Affirmed.

CALLOW and CORBETT, JJ., concur.