757 P.2d 1064

**George R. DORMAN,**
**Plaintiff/Appellant,**

v.

**SWIFT AND COMPANY, a Delaware corporation; Esmark, Inc., an Illinois corporation, Defendants/Appellees.**

No. 2 CA–CIV 87–0324.

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 11, 1988.

Review Granted June 28, 1988.

Hofmann, Salcito, Stevens & Myers, P.A. by Frank Verderame, Phoenix, for plaintiff/appellant.

Gust, Rosenfeld & Henderson by Richard A. Segal and DeAnn Willis, Phoenix, for defendants/appellees.

OPINION

HATHAWAY, Judge.

This appeal is taken from the granting of summary judgment for defendants in a personal injury action.

Appellant was employed as a mechanic in August 1984, at the Sun Land Beef Packing Plant (Sun Land) in Tolleson, Arizona. While repairing an inclined conveyor belt used to move cattle carcasses, he suffered an injury to his leg when a fellow employee inadvertently activated the belt.

The packing plant had been designed and constructed by Swift & Company (Swift) in the late 1960's. Swift assembled and installed the conveyor belt in 1973. Swift sold the plant to Southwest Cattle Co-op, Inc. (Southwest) on October 1, 1979. Southwest leased the plant to Sun Land, which began operating it in December 1981. In 1983, Southwest became delinquent in its payments and Esmark, Inc., Swift's successor-in-interest, repossessed the property and sold it to the operator, Sun Land.

Appellant claims that Swift negligently installed the on/off switches for the belt, that Swift owed a duty to him, which it breached, and that the Restatement (Second) of Torts, § 352 (1965), is not applicable. We disagree and affirm.

■ ■■ Liability for negligence arises only where a duty exists. Even if an individual is guilty of a negligent act, "liability does not attach unless there is also a duty." *Coburn v. City of Tucson*, 143 Ariz. 50, 52, 691 P.2d 1078, 1080 (1984). Whether a duty exists depends upon the relationship between the parties. *Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983). As the Arizona Supreme Court stated in *Markowitz v. Arizona Parks Board*, 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985):

> The question is whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff. If the answer is no, defendant is not liable even though he may have acted negligently in light of the foreseeable risks.

■ The extent of duty owed in a vendor/vendee relationship is set forth in the Restatement (Second) of Torts, § 352:

> Except as stated in § 353, a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession.

It has long been the law in Arizona that the courts will follow the principles set forth in the Restatement of the Law, except where a different rule has been adopted by stat-

ute or a decision of the Arizona Supreme Court. *Odekirk v. Austin,* 90 Ariz. 97, 366 P.2d 80 (1961); *Irwin v. Murphey,* 81 Ariz. 148, 302 P.2d 534 (1956); *Rodriquez v. Terry,* 79 Ariz. 348, 290 P.2d 248 (1955); *Reed v. Real Detective Publishing Co.,* 63 Ariz. 294, 162 P.2d 133 (1945); *Waddell v. White,* 56 Ariz. 420, 108 P.2d 565 (1940).

We find persuasive the rationale for § 352 that responsibility follows possession. Once the sale transaction is completed and possession taken by vendee, the vendor has no control over the property, has no right to go on the property, and has no means of correcting defects. Appellant would have us apply the principles of strict liability as they relate to manufactured goods to the sale of real estate. This would lead to an unwarranted expansion of a vendor's liability in the sale of real property. If a homeowner decides to install an automatic garage door opener himself and does it negligently and the defect is obvious, is he to be held liable if an invitee of a subsequent owner years later is injured? We think not.

■ Appellant argues that § 352 is inapplicable because the machinery sold by Esmark to Sun Land is listed separately on the sales agreement. This fact, he maintains, is sufficient to impose liability on appellee. We disagree. The piece of machinery in question is permanently installed in the plant. It is a fixture. The sale of the plant must, of necessity, include the machinery required to properly run the plant. It was part and parcel of the sale of the real property. Appellant's attempt to limit the application of § 352 to defects in the land itself is misplaced. The section has wide application. See *Higgenbottom v. Noreen,* 586 F.2d 719 (9th Cir.1978) (faulty installation of a fireplace by vendor); *Livingston v. Begay,* 98 N.M. 712, 652 P.2d 734 (1982) (faulty gas heater in a hotel); *Bailey for Bailey v. Gammell,* 34 Wash. App. 417, 661 P.2d 612 (1983) (faulty basement stairs).

■ We find appellant's reliance on cases dealing with commercial builders inapposite. Swift was not in the business of building meat packing plants for sale. It built the plant in question and others for itself, to be operated by Swift as a meat packing plant. The fact that this plant or any other is sold, at some future time, for whatever reason, does not make Swift a commercial builder. See *Dryden v. Bell,* 158 Ariz. 164, 761 P.2d 1068 (App.1988). Appellant's reasoning would make General Motors a commercial builder of automobile assembly plants.

■ There is no argument that the location and type of controls used to start and stop the belt, which forms the basis for appellant's claim of negligence on the part of Swift, were the same and in the same place at the time of the sale to Sun Land as at the time of appellant's injury. Therefore, the alleged dangerous condition existed when Sun Land took possession, and § 352 relieves Swift of liability for appellant's injury unless the exception of § 353 applies. That exception states:

(1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if

(a) the vendee does not know or have reason to know of the condition or the risk involved, and

(b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.

(2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions.

A review of the record shows that none of the above exceptions applies. There is no allegation that Swift knowingly con-

**358**

cealed any defects from Sun Land, and in the absence of such concealment, unknown defects impose liability on the vendor only until the purchaser has had a "reasonable opportunity" to discover the condition and take any necessary corrective measures. The alleged defect here was open and obvious and known to Sun Land since 1981 when it began operating the plant. The injury to appellant did not occur until August 1984. During that interval, the conveyor belt was in continuous use by Sun Land. If the type of controls used and their location were defective, Sun Land management had ample opportunity to correct any problems.

Contrary to appellant's contention, we do not believe *Markowitz*, supra, requires a different result. There the court held that a duty did exist, but only because a *possessor* of land, " 'is under an affirmative duty' to use reasonable care to make the premises safe for use by invitees." 146 Ariz. at 355, 706 P.2d at 367. As noted above, *Markowitz* examined the relationship between the parties to determine whether "the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff." 146 Ariz. at 356, 706 P.2d at 368. Here, the relationship between the parties is examined in the light of § 352, which relieves Swift of any obligation to appellant.

We believe appellant's reliance on *McClanahan v. American Gilsonite Company*, 494 F.Supp. 1334 (D.Colo.1980), is misplaced. Nowhere does the court there address § 352. In addition, we note that factually, the case is distinguishable. There the plaintiff alleged that the defendant actively concealed the alleged defect.

Affirmed.

LACAGNINA, C.J., and HOWARD, P.J., concur.