830 P.2d 881

**In re Marriage of Andrew Ray GORHAM, Petitioner/Defendant/Appellee,**

**v.**

**Kathryn Lee GORHAM, Respondent/Plaintiff/Appellant.**

**No. 2 CA–CV 92–0055.**

Court of Appeals of Arizona, Division 2, Department B.

April 28, 1992.

Reconsideration Denied June 11, 1992.

Craig L. Keller & Associates, Ltd. by Craig L. Keller, Bruce A. Smidt and Thomas F. Hickey, Phoenix, for petitioner/defendant/appellee.

Marvin Johnson, Phoenix, for respondent/plaintiff/appellant.

## OPINION

HATHAWAY, Judge.

In this dissolution action, we must decide whether the trial court correctly determined that a trust executed by the parties had no effect on the distribution of property in the divorce action.

In February 1987, petitioner/appellee, a widower, established a trust (Trust 1) to provide for his minor daughter. He transferred various assets into the trust, including real property, the proceeds of insurance on his late wife, his automobile and his residence. The trust was revocable and upon revocation, all property held in the trust reverted to appellee. Appellee's sister-in-law was named guardian for the minor daughter.

In September 1987, appellee married appellant. In March 1988, they executed a trust agreement (Trust 2) which revoked Trust 1 in its entirety. Trust 2 named appellant as guardian for the daughter. The trust instrument provided in part, "The Trustors hereby transfer to the Trustee the property described in Schedule A, attached hereto ..." It is uncontested that Schedule A was never prepared. The trust instrument also provided that "[d]uring the joint life times of the Trustors, the Trust Estate shall retain its character as community or separate property, as the case may be."

■ Inasmuch as Schedule A was not prepared when the trust instrument was executed, the trust was inchoate. "If the owner of property executes an instrument purporting to transfer to another in trust such property as he may designate thereafter, the conveyance is incomplete and no trust arises unless and until he designates and transfers the property." Restatement of the Law (Second) Trusts § 26 comment e at 74 (1959). Illustration 8 to the comment is on point with the case sub judice. It states:

A by an instrument in writing declares himself trustee for B of such securities as A may designate in a schedule to be later drawn up by A and attached to the instrument. No trust is created until A designates the securities.

■ In August 1988, appellee purchased an automobile with his separate property and titled it in the name of the trust. With this act, the trust acquired a res and came into existence. In January 1989, appellee filed a petition for mårriage dissolution. In June 1989, appellant filed an action asking the court to determine her interest in the trust, order an accounting and award her any amounts due under the trust. The two actions were consolidated for trial. In October 1989, four months after initiating the declaratory judgment action, appellant conveyed and transferred to the trust title to an automobile she had owned prior to her marriage to appellee. The only properties ever conveyed to the trust were the two automobiles.

■ In the trial court, appellant argued that all of appellee's separate property and all of the parties' community property had been placed in the trust. The trust document contains the following language: "The Trustors hereby transfer to the Trustee the property described in Schedule A," and "The Trust Estate consists of the Trustors' community property and the separate property of each Trustee, all as designated in Schedule A." Appellant argued that the language constitutes a present intent of conveyance. We disagree.

Appellee may have intended to transfer all of his separate property to the trust, but the intention was never fulfilled. Schedule A was never prepared. Appellee testified that until Schedule A was prepared, there was no intention that any property be transferred to the trust. The attorney who prepared the trust document testified that the preparation of Schedule A was essential to the transfer of any property to the trust, a situation vastly different than in *Barnette v. McNulty*, 21 Ariz.App. 127, 516 P.2d 583 (1973). There, the stock

in the trust res was not transferred on the books of the corporation nor was the assignment on the back of the stock certificate executed by the settlor. The court stated that the owner of stock may declare himself trustee by oral or written declaration of trust without any change in the corporation's records. The court found that the trust res was easily ascertainable and held that a valid trust was created.

Appellant also cites *Becchelli v. Becchelli*, 109 Ariz. 229, 508 P.2d 59 (1973). We find that case inapposite to the issues before us.

■ Appellant further argues that all the property in the first trust created by appellee prior to his marriage to appellant somehow wound up in the trust before us on the theory of a "resulting trust." The first trust clearly provided that upon its termination, all property in the trust reverted to appellee. There is nothing here remotely resembling a "resulting trust." Moreover, this theory was never presented to the trial court.

The purpose of the trust was to provide for appellee's daughter. Appellant was named guardian of the child, and the trust assets were to provide for the daughter's welfare. The trial court made extensive findings of fact which include that appellant consented to the termination of any parent/child relationship—(she had previously adopted the girl); that the parties had agreed by the terms of the trust that property placed in the trust retained its character as separate or community property; that the marriage was irretrievably broken; and, that the purpose of the trust had been frustrated because there were no income-producing assets in the trust, making it impossible to provide for the child's welfare. "Where a trust becomes impossible of accomplishment, it may be terminated." *Fish v. Valley Nat. Bank of Phoenix*, 64 Ariz. 164, 171, 167 P.2d 107, 114 (1946). "If ... the whole purpose of the trust has become impossible of accomplishment so that the settlor would not have intended that the trust should continue, the trust will be terminated." Restatement of the Law (Second) Trusts § 335, comment a at 155 (1959).

Here, the trial court determined that the only assets in the trust were two automobiles providing no income for the benefit of appellee's daughter. With the dissolution, no additional property will be placed in the trust. It is probable that neither party wishes appellant to be the guardian of appellee's daughter. Appellee argued below that the trust should be terminated because its purpose was impossible for accomplishment. Although the trial court did not expressly rule that the trust was terminated, it effectively did that when it confirmed ownership of the automobiles to the parties, thereby removing them from the trust.

Appellee has requested and is granted attorney's fees on appeal under A.R.S. § 12–341.01 upon compliance with Ariz. R.Civ.App.P. 21(c), 17B A.R.S.

Affirmed.

FERNANDEZ, P.J., and DRUKE, J., concur.