990 P.2d 1085 (1999)
195 Ariz. 526
In the Matter of the NAARDEN TRUST, a living trust created by Frank H. Moore and Diane Moore.
Diane I. Moore, a single woman, Petitioner-Appellant, Cross Appellee,
v.
Georg Kieber, as Trustee of the Naarden Trust, Respondent-Appellee, Cross Appellant,
Frank H. Moore, a married man dealing with his sole separate property, Respondent-Appellee.
No. 1 CA-CV 98-0077.
Court of Appeals of Arizona, Division 1, Department D.
June 15, 1999.
As Amended June 16, 1999.
Review Denied January 4, 2000.
*1086 Law Offices of Robert H. Allen by Robert H. Allen, Phoenix, Attorneys for Petitioner-Appellant, Cross Appellee.
Fennemore Craig, P.C. by Roger T. Hargrove, Phoenix, Attorneys for Respondent-Appellee, Cross Appellant.
Blunt & Associates, P.C. by A. Paul Blunt, John H. Barron, III, Scottsdale, Attorneys for Respondent-Appellee.

OPINION
WEISBERG, Judge.
¶ 1 This appeal arose from a petition filed by Diane I. Moore seeking relief against her former husband, Frank H. Moore, and Georg Kieber, the trustee of a living trust created by Frank and Diane Moore and administered by Kieber in Liechtenstein. Kieber successfully moved to dismiss Diane's lawsuit. She appealed, and we affirmed in a separately filed memorandum decision. See Moore v. Kieber, 1 CA-CV 98-0077 (App., June 15, 1999).

DISCUSSION
¶ 2 Kieber cross-appealed from the trial court's denial of his request for attorney's fees grounded on Arizona Revised Statutes Annotated (A.R.S.) section 12-341.01(A) (1992). That statute provides in part that, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." Because a trust is not a contract, we conclude that A.R.S. section 12-341.01(A) does not entitle Kieber to attorney's fees as the successful party.
¶ 3 Kieber argues that Diane's petition, which sought an accounting and other relief from the allegedly improper actions of Kieber, arose out of two express contracts: (1) the trust instrument and (2) a property settlement agreement between Diane and Frank entered into as part of their dissolution.[1] *1087 Kieber contends that most of the issues concerned the interpretation of the trust instrument, rather than the execution of his fiduciary duties as trustee. He therefore reasons that this dispute arose out of contract, rather than tort, and that A.R.S. section 12-341.01 applies because, "but for" the trust document, Moore would have had no basis for a claim against him. Having successfully moved to dismiss her petition, he now contends that he is the prevailing party and therefore entitled to attorney's fees under A.R.S. section 12-341.01(A).
¶ 4 Interpretation of a statute is a matter of law that we review de novo. Libra Group, Inc. v. State, 167 Ariz. 176, 179, 805 P.2d 409, 412 (App.1991). We recognize that this court has previously granted attorney's fees under A.R.S. section 12-341.01 in some cases involving trusts. In none of those cases, however, did we address whether disputes involving a trust arise out of contract. For example, in a dissolution action, a wife argued that all of her husband's property and all of the community's property had been placed in trust. See Gorham v. Gorham, 171 Ariz. 360, 362, 830 P.2d 881, 883 (App.1992). But the trial court found to the contrary, and we affirmed. Without discussion, we also granted husband attorney's fees incurred in the appeal pursuant to A.R.S. section 12-341.01. Id.
¶ 5 Similarly, in Wilcox v. Waldman, 154 Ariz. 532, 533, 744 P.2d 444, 445 (App.1987), a dentist entered into an asset purchase agreement to acquire a dental practice. He later sued the seller for breach of contract and sought to prevent the disbursement of funds to the seller out of an exchange trust. Id. at 534, 744 P.2d at 446. But the trust terminated under its terms, and the trustee disbursed the trust funds to the seller. Id. The dentist then added a claim against the trustee for breach of fiduciary duty based on the trustee's disbursement. Id. This court affirmed summary judgment for the trustee, affirmed the trial court's award of attorney's fees to the trustee under section 12-341.01, and awarded fees on appeal. Id. at 537-38, 744 P.2d at 449-50. Although the dentist challenged the award of fees, he did so on the ground that the issue was a novel one and that no evidence showed that the trustee had paid or was actually liable for attorney's fees. Id. at 538, 744 P.2d at 450.
¶ 6 And in Levitt v. First American Title Ins. Co., 159 Ariz. 359, 360, 767 P.2d 707, 708 (App.1988), the title company appealed from a money judgment (including attorney's fees and costs) resulting from a complaint against it for breach of contract and breach of fiduciary duty. We affirmed and without discussion awarded attorney's fees on appeal under section 12-341.01. Id. at 365, 767 P.2d at 713.
¶ 7 On the other hand, in Tovrea v. Nolan, 178 Ariz. 485, 875 P.2d 144 (App.1993), the beneficiaries of a residuary trust appealed from a grant of summary judgment to the co-personal representatives of their father's estate on claims of breach of fiduciary duty. The appellants requested attorney's fees on appeal under section 12-341.01 based on a "contract" between the trustor and the trustees. Id. at 491, 875 P.2d at 150. We declined the request because the appellants were not prevailing parties and their complaint was based in tort, not contract. Id.
¶ 8 Unfortunately, aside from the brief reference in Tovrea, we have not found a published opinion analyzing whether a trust is a contract for purposes of the attorney's fees statute. In the absence of either a statute or common law, we are mindful that our courts rely on the RESTATEMENT for guidance. See Dorman v. Swift and Co., 162 Ariz. 228, 231, 782 P.2d 704, 707 (1989) (Arizona follows the RESTATEMENT unless the legislature or our courts have adopted a contrary rule).

Is the Controlling Document a Trust?
¶ 9 We first consider the status of the controlling document. The parties have not disputed that the original agreement governing the transfer of property created a living trust under the laws of Liechtenstein. All parties have conceded the existence of a trust *1088 relationship. We therefore conclude that the controlling document is a trust instrument.

Distinctions Between a Contract and a Trust
¶ 10 The RESTATEMENT (SECOND) OF TRUSTS (1959) distinguishes between a trust and a contract. Although one can convey property for the benefit of a third party by the mechanism of a contract, with particular rights, obligations, and remedies, one can also do so by trust, with different rights, obligations, and remedies. According to the RESTATEMENT, "[i]f property is transferred by one person to another who agrees in consideration thereof to assume a personal liability to a third person, a contract for the benefit of the third person and not a trust is created. If property is transferred by one person to another who agrees to sell such property and to pay the proceeds ... to a third person, a trust of the property is created." Id. § 14 cmt. f. Thus, neither a contract for the benefit of a third party, id., nor a contract to convey property is a trust because the relationship between the buyer and seller is not a fiduciary one. See id. § 13 and cmt. a.
¶ 11 Not only does the nature of the relationship between the parties differ between contract and trust, but the nature of the parties' interests also differ. This difference affects who may enforce an agreement to convey property, the applicable statute of limitations, and the manifestation of intent required of the person conveying the property. See id. § 14 cmt. c, d, and f. For example, the beneficiary of a trust gains a beneficial interest in the trust property while the beneficiary of a contract gains a personal claim against the promissor. See id. cmt. a. A fiduciary relationship therefore exists between a trustee and a beneficiary, while no such relation exists between parties to a contract, id. cmt. b, and the remedies of a beneficiary against a trustee "are ordinarily exclusively equitable." Id. § 74 cmt. a.
¶ 12 Moreover, the trustee's fiduciary duties "result from the trust relation, and are not based upon an agreement or contract, and are enforceable even though the trustee received no consideration." Id. See also id. § 169 cmt. c (the trustee's duties "are not contractual in nature"). This distinction is clarified in the RESTATEMENT'S discussion of the beneficiary's remedies. "A trustee who fails to perform his duties ... is not liable to the beneficiary for breach of contract.... The creation of a trust is conceived of as a conveyance of the beneficial interest in the trust property rather than as a contract." Id. § 197 cmt. b. Further, "[t]he trustee by accepting the trust and agreeing to perform his duties ... does not make a contract to perform the trust enforceable in an action at law." Id.
¶ 13 This distinction is also reflected in the case law. See, e.g., Lane Title & Trust Co. v. Brannan, 103 Ariz. 272, 277-78, 440 P.2d 105, 110-11 (1968) (a subdivision trust is a common law trust governed by the trust instrument or general trust law, and one who violates a fiduciary duty may be held liable for a breach of trust); In re Estate of Ehlers, 80 Wash.App. 751, 911 P.2d 1017, 1021 (1996) (trustee's duties derive from the trust terms, the common law, and applicable statutes); In re Waskew (Bankr.S.D.N.Y.1995) (trustee's fiduciary duties arise under state law, not the underlying contracts, and fiduciary duties exist independent of any contractual obligation); Willers v. Wettestad, 510 N.W.2d 676, 680 (S.D.1994) (trust beneficiary may sue to compel trustee to redress breach of trust).
¶ 14 Similarly, the RESTATEMENT (SECOND) OF CONTRACTS (1981) recognizes that an agreement transferring property between two parties for the benefit of a third person may create an agency relationship or a trust relationship or neither, depending on the intentions of the parties. See id. § 302 cmt. f. "[A]lthough the beneficiary of such a trust is a beneficiary of the promise under this Section, his rights must be enforced in accordance with the law of Trusts." Id.
¶ 15 We acknowledge that in Hoyle v. Dickinson, 155 Ariz. 277, 279, 746 P.2d 18, 20 (App.1987), Division Two of this court quoted 76 Am.Jur.2d Trusts § 584 at 792 (1975), for the proposition that a trust beneficiary "`who is a party to the contract giving rise to [that] trust may recover damages for *1089 its breach.'" (Emphasis added.) But, from our reading of the RESTATEMENT OF TRUSTS, we conclude that the undertaking between the settlor and trustee is not properly characterized as contractual and does not stem from the premise of mutual assent to an exchange of promises. Although the trustee's duties may derive from the trust instrument (as well as relevant statutes or common law), they initially stem from the special nature of the relation between trustee and beneficiary. Therefore, although the trustee may be liable for a breach of fiduciary duties, its undertakings or promises in a trust instrument are not normally "contractual."

Application of A.R.S. Section 12-341.01
¶ 16 Our analysis is bolstered by an opinion of our supreme court overturning an award of attorney's fees under A.R.S. section 12-341.01. See Barmat v. John and Jane Doe Partners A-D, 155 Ariz. 519, 747 P.2d 1218 (1987). The court held that the successful plaintiffs in an attorney malpractice action were not entitled to an award of fees. Id. at 524, 747 P.2d at 1222. The court concluded that, although the law implies a contract between lawyer and client, including an implied covenant of competent and ethical representation, id. at 521, 747 P.2d at 1220, a suit for the breach of that implied covenant did not bring the claim under section 12-341.01.
¶ 17 The court noted that, because of the nature of such relationships as attorney-client, innkeeper-guest, common carrier-passenger, and bailor-bailee, "the law imposes special duties ... as a matter of public policy, regardless of whether there is a contract, express or implied, and generally regardless of what its covenants may be." Id. at 522, 747 P.2d at 1221. It held that, because actions for breaches of these duties essentially sound in tort, the "but for" test did not apply, and thus that A.R.S. section 12-341.01(A) did not allow for an award of fees. Id. at 523, 747 P.2d at 1222. Only if the duty were not one imposed by law but were created by a contractual relationship "and would not exist `but for' the contract, then breach of either express covenants or those necessarily implied from them sounds in contract." Id. (citations omitted). Cf. Ponderosa Plaza v. Siplast, 181 Ariz. 128, 131-33, 888 P.2d 1315, 1318-20 (App.1993) (fee award under section 12-341.01 to roofing material manufacturer sued for breach of express warranty upheld because no special relationship existed between the parties).

CONCLUSION
¶ 18 We hold that the duties of a trustee stem from duties implied by law because of the relationships created by the trust, and that such relationships are not contractual. Therefore, suits that arise out of a trust relationship are not suits arising out of a contract for purposes of A.R.S. section 12-341.01(A). We accordingly affirm the trial court's denial of an award of attorney's fees to Kieber.
CONCURRING: THOMAS C. KLEINSCHMIDT, Judge, and REBECCA WHITE BERCH, Judge.
NOTES
[1] By agreement among the parties, Diane's claim related to the property settlement agreement has been dismissed without prejudice so that she may pursue it in a separate domestic relations action. We therefore do not address that claim here.