154 P.3d 955 (2007)
Ramona A. DILLEY, as Personal Representative of the Estate of Jack Evan Dilley a/k/a Evan Dilley; Ramona A. Dilley, individually, Jack J. Dilley, individually, Appellants,
v.
S & R HOLDINGS, LLC, a Washington limited liability company; John Doe I, individually; John Doe II, individually; Rognlin's Inc., a Washington corporation; Randy Rognlin and Michelle Rognlin, husband and wife; and Scott Rognlin and Aissa Rognlin, husband and wife; Shirley Ann Rollins, a single woman; SBR Company, a general partnership (and John Does III and IV, its partners), Respondents.
No. 34121-2-II.
Court of Appeals of Washington, Division 2.
April 3, 2007.
*956 Curtis Michael Janhunen, Thomas Avery Brown, Brown Lewis Janhunen & Spencer, Aberdeen, WA, for Appellants.
Elizabeth Grace Smith, Law Office of Kenneth R. Scearce, Lee V. Corkrum, Seattle, WA, for Defendants.
Novelle Frances Ballard, John Clifford Moore, Mitchell Lang & Smith, Seattle, WA, for Respondents.
ARMSTRONG, J.
¶ 1 Thirteen-year-old Jack Dilley died from injuries he sustained when he drove an all terrain vehicle into a pit on S & R Holdings LLC's property. The Dilley family sued S & R Holdings and the SBR Co., a previous owner of the property, for wrongful death, alleging that each knew of the dangerous pit. SBR moved for dismissal under CR 12(b)(6), arguing that because the Dilleys alleged S & R Holdings, the current owner, knew of the dangerous condition, SBR could not be liable because its liability arose only if S & R Holdings did not know of the condition. But because a party may allege inconsistent theories of liability and because hypothetically, a jury could find that SBR knew of the condition and S & R Holdings did not, we reverse the trial court's CR 12(b)(6) dismissal and remand for further proceedings.

FACTS
¶ 2 Jack Evan Dilley (Evan) died after driving an all terrain vehicle (ATV) into a pit on property that his father, Jack J. Dilley, leased from S & R Holdings. S & R Holdings obtained title to the property from SBR Co., a general partnership of which Shirley Rollins was the general partner, approximately one month before Evan's accident.
¶ 3 Jack J. Dilley, Erin Dilley, Evan's sister, and Ramona Dilley, Evan's mother, individually and as his estate's personal representative (collectively, "the Dilleys"), sued S & R Holdings, its principals Scott and Randy Ronglin and their wives (collectively, "S & R Holdings"), alleging, among other things, that S & R Holdings failed to properly inspect the property for hazards and dangerous conditions and breached its duty to maintain the property in a reasonably safe condition. The Dilleys claimed that S & R Holdings' breach of that duty proximately caused Evan's death.
¶ 4 During discovery, the Dilleys learned that Rollins knew that the pit Evan fell into existed before SBR sold the property to S & *957 R Holdings. Rollins claimed that S & R Holdings knew the pit existed before it took possession of the property. S & R Holdings denied that it knew of the pit and argued that SBR was solely liable. Accordingly, the Dilleys included SBR and Rollins, as its general partner, as additional defendants. S & R Holdings filed a cross-claim against SBR alleging that SBR bore total liability for Evan's injury. The Dilleys and S & R Holdings subsequently settled.
¶ 5 Because the Dilleys' complaint claimed that SBR did not own, control, or possess the property, SBR moved to dismiss under CR 12(b)(6) arguing that the Dilleys failed to state a claim for which the court could grant relief. At the hearing on the CR 12(b)(6) motion, SBR argued that because the Dilleys alleged that S & R Holdings knew about the dangerous condition, the Dilleys' claim against SBR failed.
¶ 6 The trial court granted SBR's motion and dismissed the Dilleys' claims against it, stating that "[t]he record . . . speaks for itself as does the law on the facts and the pleadings." Clerk's Papers (CP) at 151-53.
¶ 7 The court may grant a CR 12(b)(6) only if the plaintiff can show no hypothetical facts that would support plaintiff's claim. SBR, as a land seller, owed a duty to third parties injured because of a dangerous condition on the land only if SBR did not disclose the condition to S & R Holdings, the purchaser, and S & R Holdings could not have reasonably discovered the condition. The question is whether the Dilleys' allegation that S & R Holdings knew of the condition foreclosed their claim against SBR under CR 12(b)(6). We hold that it does not.

ANALYSIS

I. STANDARD OF REVIEW
¶ 8 We review the trial court's dismissal of a claim under CR 12(b)(6)[1] de novo. Burton v. Lehman, 153 Wash.2d 416, 422, 103 P.3d 1230 (2005) (citing Tenore v. AT & T Wireless Servs., 136 Wash.2d 322, 329-30, 962 P.2d 104 (1998)). We must deny a CR 12(b)(6) challenge to the legal sufficiency of the Dilleys' claim if they can demonstrate any hypothetical facts, consistent with the complaint, that would entitle them to relief. Halvorson v. Dahl, 89 Wash.2d 673, 674, 574 P.2d 1190 (1978) (citing Brown v. MacPherson's, Inc., 86 Wash.2d 293, 297, 545 P.2d 13 (1975)); Gorman v. Garlock, Inc., 155 Wash.2d 198, 214, 118 P.3d 311 (2005) (quoting Halvorson, 89 Wash.2d at 674, 574 P.2d 1190).

II. DISMISSAL OF THE DILLEYS' CLAIMS AGAINST SBR
¶ 9 Generally, a land seller owes no duty to people injured on the premises after the buyer takes possession, even for injuries caused by conditions existing at the time of sale. Bailey v. Gammell, 34 Wash.App. 417, 418, 661 P.2d 612 (1983) (citing RESTATEMENT (SECOND) OF TORTS § 352 (1965)). The Restatement (Second) of Torts section 353 (1965) sets out one exception to the rule. Seattle First Nat'l Bank v. State, 14 Wash. App. 166, 168, 540 P.2d 443 (1975).
¶ 10 Under the heading "Undisclosed Dangerous Conditions Known to Vendor," section 353 provides:
(1) A vendor of land who conceals or fails to disclose to his vendee any condition . . . which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, if
(a) the vendee does not know or have reason to know of the condition or the risk involved, and
(b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.
*958 ¶ 11 A duty arises under section 353 only when the seller knows or has reason to know of the dangerous condition and has reason to believe the buyer will not discover the condition or realize it's risk. Bailey, 34 Wash.App. at 419, 661 P.2d 612 (citing RESTATEMENT (SECOND) OF TORTS § 353(1)(b)). If the danger is readily apparent, the buyer has notice and section 353 does not apply.
¶ 12 The Dilleys rely on Seattle First. There, the plaintiff was injured when an embankment alongside a pit sloughed off and injured her. Seattle First, 14 Wash.App. at 167, 540 P.2d 443.
¶ 13 In reversing the summary judgment for the previous landowner, the court held that a fact finder could have found that (1) the defendant maintained an attractive nuisance on its land where the child later suffered injuries, (2) the defendant should have known of the dangerous condition and the attractive nuisance, (3) the defendant did not disclose the risk to the property's current owner, (4) the dangerous condition and the fact that small children customarily played in the area were not readily obvious to the current landowner, and (5) the current landowner did not have a reasonable opportunity to take effective precautions against the nuisance even if he had discovered its existence. Seattle First, 14 Wash.App. at 168, 540 P.2d 443.
¶ 14 SBR reminds us that Bailey and Seattle First were both summary judgment dismissals and here, SBR moved for dismissal under CR 12(b)(6). And, continues SBR, courts presume that a plaintiff's factual allegations are true when ruling on a CR 12(b)(6) motion. Burton, 153 Wash.2d at 422, 103 P.3d 1230 (citing Tenore, 136 Wash.2d at 330, 962 P.2d 104). Thus, according to SBR, because the Dilleys alleged that both S & R Holdings and SBR had at least constructive knowledge of the pit, section 353 does not save the Dilleys' claims against SBR.
¶ 15 But a party may allege inconsistent theories of liability. CR 8(e)(2); Port of Seattle v. Lexington Ins. Co., 111 Wash.App. 901, 919, 48 P.3d 334 (2002). The Dilleys' claims against SBR and S & R Holdings are inconsistent liability theories. To prove SBR liable, the Dilleys must show that S & R Holdings did not know or have reason to know of the dangerous condition. Yet to prove S & R Holdings liable, the Dilleys must show that S & R Holdings knew of or should have known of the dangerous condition. These inconsistent theories do not immunize either defendant from liability. See Douglas v. Freeman, 117 Wash.2d 242, 253, 814 P.2d 1160 (1991) (plaintiffs may assert claims against two defendants for one injury suffered as a result of the defendants' different negligent acts).
¶ 16 Finally, we do not have to stray far from the pleadings to conceive of hypothetical facts to support the Dilleys' claim against SBR. SBR admits that it knew of the dangerous condition and claims that it informed S & R Holdings of the condition. S & R Holdings denies that SBR told it of the condition. If the jury finds that the condition was not readily apparent and that S & R Holdings did not have actual knowledge of it, the jury has found the facts necessary to create a duty from SBR to the Dilleys. Because hypothetical facts sufficient to support a plaintiff's claim will defeat a CR 12(b)(6) motion, the trial court erred in granting SBR's motion. See Bailey, 34 Wash.App. at 419, 661 P.2d 612; Seattle First, 14 Wash. App. at 168, 540 P.2d 443; RESTATEMENT (SECOND) OF TORTS § 353.
¶ 17 We reverse and remand to the trial court for further proceedings.
We concur: HUNT and PENOYAR, JJ.
NOTES
[1] CR 12(b)(6) provides, in relevant part, that

[e]very defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted.